## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| VIAHART, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 6:18-CV-604-RWS-KNM |
| | § | |
| DOES 1–54, | § | |
| | § | |
| *Defendants.* | § | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the Court's order adopting the Magistrate Judge's Report and Recommendation and granting default judgment against the Defendants in this case, the Court hereby enters Final Judgment and

**ORDERS** that Plaintiff Viahart, LLC ("Viahart") shall recover from the non- responsive defendants listed in Schedule A ("Defaulting Defendants") who operated websites or webstores that sold products bearing Viahart's BRAIN FLAKES and GOODMINTON trademarks ("Infringing Webstores") the following: (a) $500,000 per Defaulting Defendant, for a total of $22,500,000 in statutory damages under 15 U.S.C. § 1117(c); (b) $53,275.45 in attorney's fees under 15 U.S.C. § 1117(a); and (c) $481.75 in costs under 15 U.S.C. § 1117(a). These legal remedies shall total $22,553,757.20.

Further, according to the Federal Rules of Civil Procedure 65 and 69, 15 U.S.C. § 1116, and the inherent equitable powers of the Court, the Court hereby **PERMANENTLY RESTRAINS AND ENJOINS** Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates and all persons acting for, with, by, through, under, or in active concert with Defaulting Defendants who receive actual notice of this order by personal service or

otherwise, from infringing, or counterfeiting the federally registered BRAIN FLAKES and GOODMINTON trademarks owned by Viahart, LLC ("Viahart"). The details of such injunction and additional equitable relief are as follows:

1. Defaulting Defendants and their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with Defaulting Defendants who receive actual notice of this order by personal service or otherwise, are hereby permanently restrained and enjoined from engaging in any of the following acts or omissions:

    a. using the BRAIN FLAKES or GOODMINTON trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Viahart product or not authorized by Viahart to be sold in connection with the BRAIN FLAKES or GOODMINTON trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Viahart product or any other product produced by Viahart, that is not Viahart's or not produced under the authorization, control, or supervision of Viahart and approved by Viahart for sale under the BRAIN FLAKES or GOODMINTON trademarks;

    c. committing any acts calculated to cause consumers to believe that the Defaulting Defendants' products are those sold under the authorization, control, or supervision of Viahart, or are sponsored by, approved by, or otherwise connected with Viahart;

    d. further infringing the BRAIN FLAKES or GOODMINTON trademarks and damaging Viahart's goodwill;

    e. otherwise competing unfairly with Viahart in any manner;

    f. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise

moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Viahart, nor authorized by Viahart to be sold or offered for sale, and which bear any of the BRAIN FLAKES or GOODMINTON trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, websites, or any other domain name that is being or has been used to sell counterfeit Viahart products;

h. operating and/or hosting the Infringing Webstores, websites, and any other domain names registered or operated by the Defaulting Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the BRAIN FLAKES or GOODMINTON trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof that are not genuine Viahart products or not authorized by Viahart to be sold in connection with the BRAIN FLAKES or GOODMINTON trademarks;

i. registering any additional stores, websites, or domain names that use or incorporate any of the BRAIN FLAKES or GOODMINTON trademarks; and

j. using images covered by the Viahart's copyrights or any of Viahart's original photographs that Viahart uses to advertise the sale of its products.

2. It is further **ORDERED** that, until each Defaulting Defendant has paid in full the award of damages, fees, and costs against it, that Defaulting Defendant and its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it are enjoined and restrained from withdrawing any funds from the possession of Amazon, eBay, Alibaba, AliExpress, Joom, Wish (collectively the

"Platforms") and PayPal, Payoneer, WorldFirst, Bill.com, Pingpong, Payeco, Umpay/Union Mobile Pay, Moneygram, Western Union, or other bank accounts or payment processors used by the Defaulting Defendants (collectively the "Payment Processors").

3.  Additional equitable relief to give practical effect to the permanent injunction and award of damages is **ORDERED** as follows:

    a.  All funds currently held or restrained by the Platforms and Payment Processors which are related to any accounts through which the Defaulting Defendants, in the past, currently, or in the future, engage in the sale of goods using the BRAIN FLAKES or GOODMINTON trademarks, including, but not limited to, any accounts associated with the Defaulting Defendants listed on the attached Schedule A, shall, within 10 days of receipt of this judgment, be transferred to Viahart to satisfy or partially satisfy the monetary amounts awarded herein. Such funds shall be transferred to Viahart only to the extent that the funds satisfy the monetary amounts awarded herein.

    b.  The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as necessary or appropriate to implement and enforce the provisions of this final judgment.

All other claims for relief are **DENIED-AS-MOOT.**

The Clerk of the Court is directed to close this case.

**SIGNED this 26th day of February, 2021.**

Robert W Schroeder III
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE